IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

**SUSAN KUHN,**

    Plaintiff,

vs.

**FLORIDA DEPARTMENT OF LAW ENFORCEMENT,**

    Defendant.

_____/

CASE NO. 11-CA 3361
FLA BAR NO. 0739685

## COMPLAINT

Plaintiff, SUSAN KUHN, hereby sues Defendant, FLORIDA DEPARTMENT OF LAW ENFORCEMENT ("FDLE"), and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, SUSAN KUHN, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her gender and her age. She also reported or objected to unlawful activity and was the victim of unlawful retaliation thereafter.

4. At all times pertinent hereto, Defendant, FDLE, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an

"employer" as that term is used under the applicable laws identified above. Defendant is subject to the jurisdiction of this court as its principal office is in Tallahassee, Leon County, Florida.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was initially hired by Defendant in or about October 1996. In April 2010, Defendant sent an email advising of the imminent availability of a Special Agent Supervisor (SAS) position in the Live Oak/Jasper, Florida Field Office. This opening sought candidates who were interested in a lateral transfer to this field office, because it was only available to employees already in the SAS position elsewhere.

7. Plaintiff was in the SAS position at the time in Miami, Florida. Plaintiff was the only person to apply, and was fully qualified for the position. Defendant hired a substantially-less qualified, and substantially-younger, male employee who had never been a supervisor with Defendant to fill the SAS position. Upon information and belief, Plaintiff was passed over because of her gender, because of her age, and because she voiced opposition to the process and discrimination.

8. Plaintiff has retained the undersigned to represent Plaintiff's interests in this cause and is obligated to pay a fee for services. Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I

### GENDER DISCRIMINATION

9. Paragraphs 1 through 8 are realleged and incorporated herein by reference.

10. This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

11. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated male employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

12. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

13. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

14. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

15. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

16. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

## AGE DISCRIMINATION

17. Paragraphs 1 through 8 are realleged and incorporated herein by reference.

18. This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

19. Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated older employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's age.

20. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance

and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

21.   In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

22.   The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's constructive termination or other separation from employment.

23.   Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of the Florida Civil Rights Act.

24.   As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT III

### RETALIATION

25.   Paragraphs 1 through 8 are hereby realleged and reincorporated as if set forth in full herein.

26.   Defendant is an employer as that term is used under the applicable statutes referenced above.

27. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e *et seq.*, as well as under the ADEA and the Florida Civil Rights Act.

28. The foregoing unlawful actions by Defendant were purposeful.

29. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's interactions with Defendant and was the victim of retaliation thereafter, as related in part above.

30. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

31. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 23rd day of November, 2011.

Respectfully submitted,

/s/

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
ATTORNEYS FOR PLAINTIFF



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2012 7661

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

August 24, 2011

Ms. Susan H. Kuhn
c/o Marie A. Mattox, Esquire
Law Office of Marie A. Mattox
Attorney at Law
310 E. Bradford Rd.
Tallahassee, FL  32303

Re: EEOC Charge Against State of Florida, Dept. of Law Enforcement
    No. 510201004543

Dear Ms. Kuhn:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Tampa Area Office, Tampa, FL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                    Sincerely,

                                    Thomas E. Perez
                                    Assistant Attorney General
                                    Civil Rights Division

                             by     *Karen J. Ferguson*
                                    Karen L. Ferguson
                                    Supervisory Civil Rights Analyst
                                    Employment Litigation Section

cc: Tampa Area Office, EEOC
    State of Florida, Dept. of Law Enforcement

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Susan H. Kuhn | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2010-04543 | Pedro A. Hernandez, Investigator | (813) 202-7938 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred _more than 2 years (3 years)_ before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Georgia M. Marchbanks,
Director

AUG 2 4 2011

(Date Mailed)

Enclosures(s)

cc:  Craig Rockenstein, Esq.
Office of the General Counsel
STATE OF FLORIDA DEPT OF LAW ENFORCEMENT
Post Office Box 1489
Tallahassee, FL 32302-1489

Marie Mattox, P.A.
ATTORNEY AT LAW
310 East Bradford Road
Tallahassee, FL 32303