UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUSAN KUHN,

      Plaintiff,

v.                                   Case No. 4:11-cv-648-RH/WCS

FLORIDA DEPARTMENT
LAW ENFORCEMENT,

      Defendant.

_____/

## AMENDED COMPLAINT

      Plaintiff, SUSAN KUHN, hereby sues Defendant, FLORIDA DEPARTMENT OF LAW ENFORCEMENT ("FDLE"), and alleges:

## NATURE OF THE ACTION

      1.      This is an action brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

      2.      This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest. This action was removed to this Court by the Defendant.

## THE PARTIES

      3.      At all times pertinent hereto, Plaintiff, SUSAN KUHN, has been a resident of the State of Florida and was employed by Defendant.  Plaintiff is a member of a protected class due to her gender, female,  and her age as Plaintiff was born in 1953.  Plaintiff is also a member of a protected class because she reported or objected to unlawful activity and was the victim of unlawful retaliation thereafter.

4.      At all times pertinent hereto, Defendant, FDLE, has been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is subject to the jurisdiction of this court as its principal office is in Tallahassee, Leon County, Florida.

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and EEOC.  This action is timely brought thereafter.

<u>**STATEMENT OF THE ULTIMATE FACTS**</u>

6.      Plaintiff was initially hired by Defendant in or about October 1996.   In April 2010, Defendant sent an email advising of the imminent availability of a Special Agent Supervisor (SAS) position in the Live Oak/Jasper, Florida Field Office.  This opening was only available to employees already in the SAS position elsewhere and sought candidates who were interested in a lateral transfer to this field office.

7.      Plaintiff was in the SAS position at the time in Miami, Florida and was the only person to apply.  Plaintiff was fully qualified to hold the advertised position due to her SAS title and experience. Plaintiff was interviewed for the position by Commissioner Gerald Bailey and Assistant Commissioner Ken Tucker on or about May 6, 2010. During this interview, Bailey and Tucker implied that Plaintiff lacked the "operational experience" for the position despite the fact that it was a lateral transfer into the same position Plaintiff held at that time.  Plaintiff objected to what she believed to be unfair and/or unlawful hiring practices in that she was the only qualified applicant, due to her previous experience as a SAS, and was being passed over for the transfer.

8.      Despite her qualifications and the fact that Plaintiff was the only applicant, Defendant did not select Plaintiff.  Plaintiff learned of the decision by way of a conference call with Tucker and others on or about May 10, 2010.  During that same conversation, Defendant offered Plaintiff the opportunity to transfer to the Live Oak/Jasper, Florida Field Office if she were to take a voluntary demotion.  Plaintiff declined.

9.      Defendant re-advertised the Live Oak/Jasper, Florida Field Office position on or about May 11, 2010.  This time, the position opening was advertised to Special Agents who were eligible from promotion. Plaintiff did not reapply this time as she knew that any attempt to obtain this position would be futile after being denied the position when she was the only qualified applicant.   Defendant subsequently  hired Jim Flournoy, a substantially-less qualified, and substantially-younger, male employee with no supervisory experience. This younger, male employee was treated more favorably than Plaintiff in that he was given a promotion to the same position Plaintiff had previously applied for as a lateral move despite Plaintiff's superior qualifications and supervisory experience.  Upon information and belief, Plaintiff was passed over because of her gender, because of her age, and because she voiced opposition to the process and discrimination.

10.      Plaintiff has retained the undersigned to represent Plaintiff's interests in this cause and is obligated to pay a fee for services.  Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I

## GENDER DISCRIMINATION

11.      Paragraphs 1 through 10 are realleged and incorporated herein by reference.

12.     This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

13.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated male employees of Defendant on the basis, at least in part, of Plaintiff's gender.

14.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

15.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

16.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

17.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

4

18.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages have occurred in the past, are permanent and continuing.

## COUNT II

### AGE DISCRIMINATION

19.     Paragraphs 1 through 10 are realleged and incorporated herein by reference.

20.     This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

21.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger employees of Defendant on the basis, at least in part, of Plaintiff's age.

22.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

5

23.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

24.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's constructive termination or other separation from employment.

25.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of the Florida Civil Rights Act.

26.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

## COUNT III

### RETALIATION

27.     Paragraphs 1 through 10 are hereby realleged and reincorporated as if set forth in full herein.

28.     Defendant is an employer as that term is used under the applicable statutes referenced above.

29.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e *et seq*., as well as under the ADEA and the Florida Civil Rights Act.

30.     The foregoing unlawful actions by Defendant were purposeful.

31.    Plaintiff voiced opposition to unlawful employment practices during Plaintiff's interactions with Defendant and was the victim of retaliation thereafter, as related in part above.

32.    Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

33.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

7

(f)     grant such other further relief as being just and proper under the

circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted,


s/ Lucas S. Lanasa
Lucas S. Lanasa[FBN 0073866]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF to all counsel of record  this 17th day of January, 2012.

 /s/ Lucas S. Lanasa
Lucas S. Lanasa